(64 App. Div. 432.)

### MANDIGO v. BAILEY.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

PLEADING—COMPLAINT—ADMISSION IN ANSWER.

     In an action for deceit in obtaining a loan from plaintiff's husband through a chattel mortgage on a piano belonging to a third party, plaintiff alleged that the executor of her husband's estate duly assigned the chattel mortgage and all claims such husband had against defendant to her. Defendant's answer denied that the executor assigned the chattel mortgage to plaintiff, but did not deny the remaining part of the allegation. *Held*, that such answer did not admit the assignment of the husband's claim for the fraudulent procurement of the loan, since the portion of the allegation not denied was immaterial.

     Goodrich, P. J., and Sewell, J., dissenting.

Appeal from special term, Orange county.

Action by Jennie Mandigo against Frank P. Bailey. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

S. E. Dimmick, for appellant.
Harry V. Quaid, for respondent.

WOODWARD, J. This action is brought to recover $150, alleged to have been tortiously procured from the plaintiff's husband through the instrumentality of a chattel mortgage upon a certain upright piano, the property of a third person. Plaintiff's husband is dead, and the executor of his estate, it is alleged in the complaint, "duly assigned to this plaintiff the above-mentioned chattel mortgage, and all claims the said John P. Mandigo had against this

defendant." The answer of the defendant denies that the executor "assigned the said chattel mortgage to plaintiff," but did not deny the remaining part of the allegation, "and all claims the said John P. Mandigo had against this defendant." It is claimed that this is an admission of the assignment of the claim of John P. Mandigo for the fraudulent procurement of the $150. The question was submitted to the jury, which found a verdict for the plaintiff. Upon motion this was set aside and a new trial granted, under the provisions of section 999 of the Code of Civil Procedure, on the ground that the executor had not assigned the tortious cause of action to the plaintiff. The plaintiff appeals from the order setting aside the verdict.

When the defendant denied the assignment of the chattel mortgage, because he had no knowledge of the fact, he may fairly be assumed to have intended to deny all of the matters alleged in connection with the averment. The assignment put in evidence in support of the plaintiff's allegation makes no mention of any claim against the defendant, with the exception of the chattel mortgage, which is alone "sold, assigned, transferred, and set over" to the plaintiff. If it were necessary to support the order, the pleadings in the present case might be deemed to have been amended in harmony with the proof introduced by the plaintiff, as provided by section 723 of the Code of Civil Procedure, and in furtherance of justice the technical mistake of the defendant in not making his denial as broad as the averment of the complaint might be corrected under the provisions of the same section. We are of opinion, however, that the words "and all claims the said John P. Mandigo had against this defendant" were immaterial, and that the defendant was not bound to negative them.

The order appealed from should be affirmed, with costs.

HIRSCHBERG and JENKS, JJ., concur.

GOODRICH, P. J. (dissenting). The action is for deceit in obtaining from plaintiff's husband a loan of $150, for which a chattel mortgage was given by the defendant as security. The chattels mortgaged did not belong to the defendant, and in another action to recover them the plaintiff was defeated on the ground that they belonged to some other person.

In the present action the jury rendered a verdict for the plaintiff, which was set aside by the court on the ground that the claim for deceit had not been assigned to the plaintiff. The complaint alleged that the executor, etc., of the husband duly assigned to the plaintiff the chattel mortgage and all claims which the said Mandigo had against this defendant. The answer denied that the executor "assigned the chattel mortgage to plaintiff," but did not in any other language deny the allegation that the executor assigned "all claims the said John P. Mandigo had against this defendant." The allegation as to assignment is separable. A denial of the first part of the allegation and a failure to deny the other constituted an admission that the executor had assigned to the plaintiff all other claims than

the chattel mortgage. Hence the plaintiff was not put to her proof on that subject. I think that it was error to set aside the verdict, and that the order should be reversed, and judgment directed for the plaintiff on the verdict.

SEWELL, J., concurs.